(17 Misc. Rep. 620)

## O'DOWD v. BONNELL.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

APPEAL—WEIGHT OF EVIDENCE.

　　A finding of a justice of the district court on conflicting evidence will not be disturbed on appeal.

Appeal from Eleventh district court.

Action by Patrick O'Dowd against Roger V. Bonnell to recover for work and labor in steam fitting in No. 251 Fifth avenue in November, 1894. Judgment was rendered in favor of plaintiff for $37.50 and costs, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

P. C. Talman, for appellant.

Thornall & Hull, for respondent.

DALY, P. J. The plaintiff was employed by the defendant to remove two steam radiators from one part of the building to another part, and connect them with the main steam pipe. He used for the purpose about 10 feet of old pipe which he found on the premises. A leak was discovered from the work a week or 10 days afterwards, and some repairs were made by the janitor, who had worked as a steam fitter's helper, and who testified that there was twine and packing round the valves, and that he took out the valves and put in new ones, and that he subsequently told plaintiff several pipes were split, and the elbows and nipples were not fixed, and there was no valve there. In January, following, the work was examined by an engineer, who testified that the connecting pipe was split, and that the radiator was not connected with it at the elbows. The plaintiff testified that the work was properly performed,—he having done some part of it personally, and having tested it,—and that there was no twine or packing round the valves; that he was directed by the defendant to use the old material on the premises, but that the pipe he put in appeared to be all right. The defendant denied that plaintiff was restricted to the use of old material. The case presented a conflict of evidence, and, as the justice had the witnesses before him, he was better qualified than we to determine the credit to be given to their testimony. While the statement of the engineer who examined the

work in January was specific as to the defects found, it is not certain that the plaintiff was responsible for them. It was proved that a split might occur in a pipe at any time after it was laid; and in view of the fact that the janitor, Titus, who may not have been well qualified for the purpose, worked at the valves, and investigated the connections, between the time plaintiff finished his work and the engineer examined the radiators, it was not clear that the latter saw the connections in the condition plaintiff left them.

The judgment should be affirmed. All concur.