(18 Misc. Rep. 468.)

### EWALD v. AMERICAN NEWS CO.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

APPEAL—SUFFICIENCY OF EVIDENCE.
    A finding of fact on conflicting evidence will not be disturbed on appeal.

Appeal from Eleventh district court.

Action by Catherine Ewald against the American News Company. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Thomson & Patterson (John Patterson, of counsel), for appellant.

C. J. Kracht, for respondent.

McADAM, J. On April 20, 1896, plaintiff's son was driving a horse attached to a coupé rockaway, in which the plaintiff was seated, along the easterly side of 7th avenue, in a northerly direction. They had reached and passed the corner of 125th street, when a cable car, bound east, approached, and the plaintiff's horse and carriage, being then between the first, or southerly, track in 125th street and the curb of said street, stopped, and remained standing, to permit the car to pass. While thus standing still, the driver of defendant's wagon, who was driving behind plaintiff's carriage at a distance of about 10 feet, and from 2½ to 3 feet west of plaintiff's carriage, drove the horse attached to the wagon in such a manner that in turning the corner of 7th avenue and 125th street, and going easterly, the left shaft of defendant's wagon struck the plaintiff's carriage on the westerly side, and ran through the side panel, causing the damage complained of. Immediately after the accident, an officer arrested the defendant's driver, and upon his promise to pay the damage he was discharged. The defense is that the plaintiff's son stopped the coupé suddenly, and backed up, thereby backing against the side of the shaft of defendant's wagon, and doing the damage complained of. The defendant's proof on this subject is both unsatisfactory and improbable. At all events, the facts stated by its witnesses were denied by the plaintiff and her witnesses, and the question became one of fact, on which the finding of the justice is conclusive. According to the plaintiff's testimony (which seems to have been believed by the justice), the case clearly presented negligence on the part of the defendant, and no act on her part contributed to the injury; and the theory of inevitable accident advanced by the defendant furnishes no excuse under the circumstances. It will not do to permit one by his negligent misconduct to get so close to a vehicle as to make an accident inevitable, and then obtain discharge on the ground that the inevitable occurred. If the justice had believed the defendant's witnesses, and found that the plaintiff's coupé had backed against the shaft of the defendant's wagon, the plaintiff would have been without a right of action. Bierback v. Rubber Co., 14 Fed. 826; St. Clair Mineral Springs Co. v. City of St. Clair, 96 Mich. 463, 56 N. W. 18. Or, if the cable car had sud-

denly and without warning stopped the progress of the plaintiff's coupé, and the defendant, without fault, had run into the coupé, its conduct might have been excused. Mueller v. Railway Co., 86 Wis. 340, 56 N. W. 914. But the justice's finding negatives the existence of any such facts, and does not permit the application of the cases cited. The defendant's wagon was going up 7th avenue, behind and west of the plaintiff's coupé, and was turning easterly into 125th street, when the accident occurred; so that the shaft of the defendant's wagon was either driven into the plaintiff's coupé by the act of the defendant's driver, or the coupé must have moved sideways towards the west (almost an impossibility) against the shaft. The defendant's driver does not complain of a sudden stoppage of the plaintiff's coupé, but a backing up against his shaft; while the plaintiff's witnesses testify there was no backing up of the coupé; that it was standing perfectly still when the shaft of the defendant's wagon ran into it. The case therefore presented a clear question of fact on conflicting evidence. The justice saw the witnesses, observed their manner of testifying, and was best qualified to determine the question of credibility. O'Dowd v. Bonnell, 17 Misc. Rep. 620, 40 N. Y. Supp. 650; Huller v. Wynne, 16 Misc. Rep. 580, 38 N. Y. Supp. 700; Katz v. Wolf, 16 Misc. Rep. 82, 37 N. Y. Supp. 648.

The judgment must be affirmed, with costs. All concur.